Edith J. ATKINSON and Babcock
Education Association, Plaintiffs,

v.

BABCOCK SCHOOL DISTRICT,
Defendant.

Civ. A. No. 77-447.

United States District Court,
W. D. Pennsylvania.

Nov. 28, 1978.

Shelley W. Elovitz, Pittsburgh, Pa., for plaintiffs.

Lee A. Donaldson, Pittsburgh, Pa., for defendant.

## MEMORANDUM OPINION

COHILL, District Judge.

This case is before us on Motions to Dismiss of the Defendant under Rule 12(b) of the Federal Rules of Civil Procedure and a Motion for Summary Judgment of the Plaintiffs under Rule 56 of the Federal Rules. This civil rights complaint was brought by a teacher and her union after

she was denied the use of her accumulated sick leave when she temporarily left her employment on an unpaid maternity leave in 1976. Refusal of accumulated sick leave to pregnant teachers on maternity leave is a policy of the Defendant School Board. The complaint was brought in three counts: (1) Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e *et seq.*; (2) The Civil Rights Act of 1871, 42 U.S.C. § 1983; and (3) a pendent state claim under The Pennsylvania Human Relations Act, 43 P.S. § 951 *et seq.*

The Defendant has moved to dismiss all three counts. It contends that a school board sick leave policy which excludes pregnancy is not sex-based discrimination proscribed by Title VII. As to Count 2, the Defendant originally contended that a school board could not be sued as a "person" under 42 U.S.C. § 1983; however, at oral argument—in light of recent appellate decisions—it abandoned this position and instead asserted that the § 1983 claim is barred since it was not administratively processed prior to institution of the federal suit. Finally, the Defendant has moved to dismiss Count 3, the pendent state claim, for lack of federal jurisdiction of an alleged violation of The Pennsylvania Human Relations Act.

The Plaintiff school teacher has moved for Summary Judgment on Count 2, the § 1983 claim, suggesting that undisputed facts establish that she was denied a property right established under Pennsylvania law by official action of the school board.

■ Several recent Supreme Court decisions compel our disposition of Counts 1 and 2. In *General Electric v. Gilbert,* 429 U.S. 125, 97 S.Ct. 401, 50 L.Ed.2d 343 (1976), that Court held that a pregnancy exclusion in an otherwise comprehensive employee disability insurance program was not violative of Title VII. This decision was reaffirmed more recently in *Nashville Gas Co. v. Satty,* 434 U.S. 136, 98 S.Ct. 347, 54 L.Ed.2d 356 (1977). A specific issue in that case was whether the employer's practice of allowing sick pay to employees disabled by reason of sickness or injury, but not to those disabled by pregnancy, was lawful. Finding *Gilbert* controlling, the Supreme Court held that it was, 434 U.S. at 144–45. For purposes of deciding whether the plaintiffs have stated a claim under Title VII, we see little difference between the facts of *Nashville Gas* and the facts in this case. Clearly, the Plaintiffs' Count 1 has failed to state a claim for which relief could be granted under the current state of Title VII law, and the Defendant's Motion to Dismiss this count will be granted.

■ Shortly after the Supreme Court denied the claims of the plaintiffs in *Nashville Gas,* it opened a different avenue of relief for the same type of claim in its decision in *Monell v. Department of Social Sciences,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978). In that case city employees of the school board and department of social services brought suit under § 1983 charging that a city regulation requiring pregnant employees to take unpaid leaves of absence violated their constitutional rights. The district court had acknowledged a constitutional due process violation but held the city agencies and officials immune from suit under § 1983. The Supreme Court, reversing its earlier decision in *Monroe v. Pape,* 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492 (1961), held that local government officials and local school boards were within the ambit of § 1983. After a lengthy examination of the legislative history and judicial interpretation of § 1983, the Court concluded:

Our analysis of the legislative history of the Civil Rights Act of 1871 compels the conclusion that Congress did intend municipalities and other local government units to be included among those persons to whom § 1983 applies. Local governing bodies, therefore, can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers. Moreover, although the touchstone of the § 1983 ac-

tion against a government body is an allegation that official policy is responsible for a deprivation of rights protected by the Constitution, local governments, like every other § 1983 'person,' by the very terms of the statute, may be sued for constitutional deprivations visited pursuant to governmental 'custom' even though such a custom has not received formal approval through the body's official decisionmaking channels. 436 U.S. at 690–91, 98 S.Ct. at 2036 (footnotes omitted)

Seeing no merit to Defendant's alternate argument that the § 1983 claim is barred as not having been administratively processed, we will deny the Motion to Dismiss Count 2.

We now reach the *Plaintiff's* Motion for Summary Judgment on Count 2. At argument, both sides admitted that there are no facts in dispute. The essential facts supporting the § 1983 claim are these: (1) the Plaintiff teacher had a property right in her continued employment and the use of her sick days under the Pennsylvania Public School Code and Pennsylvania case law; (2) the Defendant School Board denied the Plaintiff the use of her accumulated sick days; and (3) such denial was pursuant to an official policy of the Defendant School Board. These undisputed facts establish a *prima facie* case of liability under § 1983 as recently reinterpreted in *Monell,* and the Plaintiff's Motion for Summary Judgment against the Defendant on the issue of liability is granted.

We are left with Count 3, the pendent state claim under the Pennsylvania Human Relations Act, and the Defendant's Motion to Dismiss this claim for lack of jurisdiction. While we disagree with the contention that the Plaintiffs' right to file federal suit is limited to the authority granted by its right-to-sue letter issued by the Equal Employment Opportunity Commission, we nevertheless decide, as a matter of discretion, to dismiss Count 3. Pendent jurisdiction is a creature of judicial creation, and the courts therefore have wide discretion in determining if a claim for which there is no independent federal juris-

diction may properly be appended to a valid federal claim, *United Mine Workers v. Gibbs,* 383 U.S. 715, 725–27, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966); *Mahone v. Waddle,* 564 F.2d 1018, 1026 (3d Cir. 1977).

There are several reasons for declining to hear this claim. First, although the state agency responsible for processing employment discrimination claims was given a perfunctory opportunity to investigate this claim, it deferred to the federal Equal Employment Opportunities Commission which pursued the claim under federal standards. Therefore, the state agency never processed this claim under state standards or had a meaningful opportunity to render a decision. Second, although we might anticipate its decision under recent Pennsylvania case law, we hesitate to do so in an area—pregnancy discrimination as gender-based discrimination—where the appellate courts of the Commonwealth of Pennsylvania are in disagreement with the bases of decision in similar cases decided by the United States Supreme Court. (Compare *General Electric v. Gilbert, supra,* with *Anderson v. Upper Bucks County Area Vocational Technical School,* 30 Pa.Cmwlth. 103, 373 A.2d 126 (1977).) By granting summary judgment for Plaintiffs on Count 2, we have already decided that the school teacher Plaintiff had the right to her accumulated sick leave under Pennsylvania law. However, we prefer not to litigate separately a claim under the Pennsylvania Human Relations Act where we might become involved in interpreting the sex discrimination question under that Act without a prior determination by the state agency. Finally, since liability has been established under § 1983 and only the question of damages remains, the state claim would, as a practical matter, be superfluous at this point. For all these reasons, the Plaintiff's claim at Count 3 is dismissed.

An appropriate order will be entered.